UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREISBACH ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC COAST CONTAINER, INC. DBA PCC LOGISTICS AND PACIFIC TRANSLOAD SYSTEMS, <br><br> Defendant. | Case No. 24-cv-07592-JSC <br><br> **ORDER RE: MOTION TO REMAND** <br><br> Re: Dkt. No. 9, 13 |

Dreisbach Enterprises, Inc., Coolport Management LLC, Cool Port Oakland, LLC, and Cool Port Oakland Freight, LLC ("Plaintiffs") sued Pacific Coast Container, Inc. ("PCC") in state court. After a five-day bench trial, PCC removed the action to federal court on the ground Plaintiffs' claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501, and therefore there is federal question subject matter jurisdiction. (Dkt. No. 1 ¶¶ 2-3.)[1] Pending before the Court is Plaintiffs' motion to remand and request for attorneys' fees and costs. (Dkt. No. 9.) Having carefully reviewed the parties' briefing, and with the benefit of oral argument on December 19, 2024, the Court GRANTS Plaintiffs' motion to remand and GRANTS Plaintiffs' request for attorneys' fees. The FAAAA does not provide for complete preemption and thus does not give rise to removal jurisdiction. The Court orders the parties to meet and confer in person as to the amount of attorneys' fees. If the parties cannot reach an agreement, by January 16, 2025, Plaintiffs must file a supplemental declaration detailing the attorneys' fees incurred as a result of preparing, filing, and arguing of the motion to remand.

---

[1] Record citations are to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

## BACKGROUND

"Both Dreisbach and PCC operate cargo handling facilities, and provide container drayage services at the Port of Oakland." (Dkt. No. 11-1 at 27.)[2] Local ordinances permit truck operators in the port to operate with gross vehicle weights of up to 95,000 pounds—which exceeds the state-imposed limit of 80,000 pounds—when they obtain a permit and comply with "strict (and expensive) operating rules and requirements." (*Id.*; Dkt. No. 9-1 ¶ 4.)

In December 2018, Dreisbach sued PCC in the Alameda County Superior Court, alleging PCC gained an unfair competitive advantage by operating trucks that exceed the 80,000-pound limit without adhering to state and local laws. (Dkt. No. 11-1 at 27-28.) The complaint alleged a violation of California Business and Professions Code section 17200 and sought an injunction "forbidding Defendant from continuing to engage in the unfair business practice." (*Id.* at 30-31.) The remaining Plaintiffs joined the action in January 2022. (Dkt. No. 9-1 at 2.)

The court held a five-day bench trial in May 2024. (*Id.*) In its post-trial rebuttal brief, PCC first raised the issue of federal preemption. (*Id.* at 25 (Alameda Superior Court order stating federal preemption "was improperly raised for the first time in PCC's post-trial rebuttal brief, and was never pleaded as an affirmative defense").) Specifically, PCC argued Plaintiffs' requested injunction would "impact[] the price, route, and service provided by PCC as a broker and freight forwarder" in violation of the FAAAA, 49 U.S.C. section 14501(c). (Dkt. No. 11-4 at 71.) The statute provides:

> a State [or] political subdivision of a State . . . may not enact or enforce a law, regulation, or other provision . . . related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

---

[2] Defendant requests the Court take judicial notice of documents filed in the state case. (Dkt. No. 11.) While it does not accept as true the facts alleged or found in such documents, the Court grants Defendant's request for purposes of reviewing arguments before the state court. *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017), *aff'd sub nom. GemCap Lending I, LLC v. Quarles & Brady, LLP*, 787 F. App'x 369 (9th Cir. 2019) (quotation marks omitted) ("A court may also take judicial notice of the *existence* of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents.").

49 U.S.C. § 14501(c).

On November 1, 2024, Defendant removed the case to this Court, asserting "[w]ithin the last 30 days, . . . Defendant received an Order from the State Court raising the issue of federal preemption under the Federal Aviation Administration Authorization Act of 1994, including 49 U.S.C. § 14501, et seq." (Dkt. No. 1 ¶ 2.) Pending before the Court is Plaintiffs' motion to remand and request for attorneys' fees and costs.

## DISCUSSION

### I.   MOTION TO REMAND

"To determine whether an action arises under federal law, a court applies the 'well-pleaded complaint rule.'" *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1243 (9th Cir. 2009). "Under this rule, a claim arises under federal law only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (cleaned up). "Because federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *City of Oakland v. BP PLC*, 969 F.3d 895, 903–04 (9th Cir. 2020) (cleaned up).

An exception to this rule is the doctrine of complete preemption. "[C]omplete preemption occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." *Ansley v. Ameriquest Mortg. Co*., 340 F.3d 858, 862 (9th Cir. 2003). It "arises only in extraordinary situations." *Id.* (cleaned up). "The test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Id.* (quotation marks omitted).

As PCC observes, "[t]he FAAAA's preemption clause mirrors the ADA's [Airline Deregulation Act] preemption clause," so courts "consult ADA preemption cases when interpreting parallel language in the FAAAA's preemption clause." (Dkt. No. 10 at 19-20.) *See Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008) ("interpret[ing] the pre-emption provision in the Airline Deregulation Act of 1978 . . . in interpreting similar language in

1   the 1994 [FAAA] Act"); *see also Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 644 (9th Cir.
2   2014) (because the FAAAA "us[es] text nearly identical to the Airline Deregulation Act's,"
3   "analysis from . . . Airline Deregulation Act cases is instructive for [the] FAAAA analysis as
4   well").  The Ninth Circuit held "the ADA does not provide a basis for federal jurisdiction under
5   the complete preemption doctrine." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th
6   Cir. 2002).  So, the FAAAA—with its parallel language—does not provide a basis for federal
7   removal jurisdiction.

8        Numerous courts have reached the same conclusion.  *See, e.g.*, *City of Rockford v.*
9   *Raymond*, No. 98 C 50353, 1999 WL 218549, at *2 (N.D. Ill. Apr. 14, 1999) (discussing "a lack
10  of congressional intent to make claims under the FAAAA removable to federal court"); *Raaf v.*
11  *UPS Ground Freight, Inc.*, No. 6:18-CV-00976-MC, 2018 WL 4609935, at *3 (D. Or. Sept. 25,
12  2018) (collecting cases concluding "Congress did not manifest an intent to make state law claims
13  preempted by the FAAAA removable to federal court"); *Vargas v. Airport Terminal Servs., Inc.*,
14  No. CV1910069PARAOX, 2020 WL 614892, at *7 (C.D. Cal. Feb. 7, 2020) ("This Court has
15  found no circuit or Supreme Court decision that has concluded the FAAA effects complete
16  preemption on all state law claims within its scope.")

17        *Gillum v. High Standard, LLC*—the case on which Defendant primarily relies—is
18  distinguishable.  No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020).  The
19  plaintiff in *Gillum* was struck by a tractor trailer.  *Id.* at *1.  In addition to suing the driver and the
20  company that hired the driver, the plaintiff asserted negligence claims against the freight broker
21  "under the theory [the defendant freight broker] was negligent in the selection of motor carriers
22  who were thereafter negligent in their selection and training of the driver" who struck the plaintiff.
23  *Id.*  The Western District of Texas concluded the plaintiff's negligence claims against the freight
24  broker were completely preempted by the FAAAA.  *Id.* at *6.  Section 14501(c) prohibits a state
25  from enacting provisions "related to a price, route, or service" of any motor carrier or broker.  49
26  U.S.C. § 14501(c).  The court reasoned the plaintiff's claim "directly implicates how [the
27  defendant freight broker] performs its central function of hiring motor carriers and will therefore
28  have a significant economic impact on Defendant's services."  *Id.* at *5 (quotation marks omitted).

4

So, "the allegations go to the core of what it means to be a careful freight broker and, as such, they are preempted." *Id.* (quotation marks omitted).

As another district court has noted,

> *Gillum's* analysis . . . fails to distinguish between complete preemption and ordinary preemption, and draws upon ordinary preemption principles in its complete preemption analysis. Tellingly, the two Supreme Court cases on which it relies when outlining the complete preemption doctrine, *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008) and *Dan's City Used Cars, Inc.*, 569 U.S. at 261, dealt with ordinary preemption in actions that were originally filed in federal court. *Gillum*, 2020 WL 444371, at *2-3. As complete preemption is a "jurisdictional doctrine" and "[o]rdinary preemption simply declares the primacy of federal law," the court declines to follow *Gillum's* reliance on ordinary preemption principles.

*Est. of Wray by & through Wray v. Kennedy Bros. Logistics, Inc.*, No. 5:22-CV-70-FL, 2022 WL 16550315, at *4 (E.D.N.C. Oct. 31, 2022); *see also Gulley v. Hansen & Adkins Auto Transp., Inc.,* No. 2:23-CV-90-ECM, 2023 WL 4494186, at *5 (M.D. Ala. July 12, 2023) (observing "the *Gillum* court did not satisfactorily consider the distinction between ordinary and complete preemption"); *Est. of Peterson by Peterson v. Rodriguez*, No. 23-1013-JWB, 2023 WL 4053599, at *4 (D. Kan. June 16, 2023) ("While the court in *Gillum* discussed the complete preemption doctrine, the court's decision was based on an ordinary preemption analysis and courts have declined to find the decision persuasive on that basis.")  PCC makes the same mistake here.  The remand question is not ordinary preemption, it is the removal jurisdiction doctrine of complete preemption.  PCC has not met its burden of showing complete preemption applies.

So, the Court GRANTS Plaintiff's motion to remand because Defendant failed to establish removal was proper. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 847 (9th Cir. 2020).[3]

## II.    ATTORNEYS' FEES AND COSTS

Plaintiffs request the Court "order that Defendant PCC pay Plaintiffs' 'just' costs and any actual expenses, including attorneys fees, incurred in responding to [the] improper removal and Plaintiffs' preparation, filing, and arguing of this Motion to Remand." (Dkt. No. 9 at 24.)    "An

---

[3] Because the Court did not rely on the supplemental declaration of Edward M. Bull III, (Dkt. No. 12-1), the Court declines to address or rule on PCC's motion to strike and its evidentiary objections at Docket No. 13.

5

order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin*, 546 U.S. at 141).

The Court GRANTS Plaintiffs' request for attorneys' fees and costs. PCC recognized that courts "consult ADA preemption cases when interpreting parallel language in the FAAAA's preemption clause," (Dkt. No. 10 at 20), and the Ninth Circuit determined long ago that "the ADA does not provide a basis for federal jurisdiction under the complete preemption doctrine." *Wayne*, 294 F.3d at 1184. So, it was objectively unreasonable to remove on the ground of complete preemption—particularly in light of the fact "[t]he Supreme Court has identified only three statutes that meet [the] criteria" for complete preemption. *City of Oakland*, 969 F.3d 905. PCC cited *Gillum*, and another Western District of Texas case that expressly followed *Gillum*, in support of its complete preemption argument. Because numerous courts to consider *Gillum* concluded its reasoning was unpersuasive, it was unreasonable to rely on *Gillum* while disregarding Ninth Circuit precedent.

The timing of the removal underscores the unreasonableness of PCC's filing. PCC filed the notice of removal in November 2024—nearly six years after state court proceedings commenced—and following a five-day bench trial. As the state court observed, "the issue of federal preemption . . . was improperly raised for the first time in PCC's post-trial rebuttal brief, and was never pleaded as an affirmative defense." (Dkt. No. 9-1 at 25.) In light of this timeline, awarding Plaintiffs attorneys' fees here is consistent with "Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party." *Martin*, 546 U.S. at 133.

Counsel for Plaintiffs attests Plaintiffs' fees related to the motion to remand total $19,170. (Dkt. No. 12-1 ¶ 7.) Plaintiffs add they are "prepared to provide the Court with the detailed billing and time entries for the Court to review in camera if so requested." (Dkt. No. 9-1 at 4.) By January 16, 2025, Plaintiffs must file a supplemental declaration detailing the attorneys' fees

incurred as a result of preparing, filing, and arguing of the motion to remand. *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) ("When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid."). The declaration can redact attorney-client privilege, but only entries to the extent they reflect attorney-client privilege. Defendant may file a response to the declaration by January 23, 2025.

However, *before* Plaintiffs file a declaration more specifically supporting fees, and before they incur fees redacting billing records, they are ORDERED to meet and confer IN PERSON with Defendants in an attempt to resolve the amount of attorneys' fees. Agreeing to the amount will not waive Defendant's right to contest whether fees should have been imposed in the first place. Any further submission regarding fees shall disclose the date of the meet and confer, who attended, where it was held, and how long it lasted.

Upon reviewing the parties' further filings, if any, the Court will determine the amount of attorneys' fees to award in accordance with section 1447(c).

## CONCLUSION

Accordingly, Plaintiffs' motion for remand is GRANTED and their motion for attorneys' fees is GRANTED. This action is remanded to the Superior Court of California, County of Alameda.

This Order disposes of Docket Nos. 9, 13.

**IT IS SO ORDERED.**

Dated: December 19, 2024

JACQUELINE SCOTT CORLEY
United States District Judge